FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

2007 OCT 29 PM 2: 10

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

FRANK JOHNSON,

        Plaintiff,

vs.

Case No. 2:07-cv-690-FtM-34SPC

HOLMES CORRECTIONAL INSTITUTION; FNU FOREHAND, OFFICER; FNU STEELE, NURSE,

        Defendants.

## ORDER OF TRANSFER[1]

This matter comes before the Court upon initial review of the file. Plaintiff, who is proceeding *pro se* and currently incarcerated at Holmes Correctional Institution initiated this action by filing a pleading (Doc. #1), construed by the Court as a § 1983 Complaint, on October 25, 2007. The Complaint is not on the standard civil rights complaint form. Additionally, Plaintiff did not accompany the filing of his Complaint with either the requisite $350 filing fee or a motion to proceed *in forma pauperis*.[2] See generally docket history.

---

[1] This is a "written opinion" under § 205(a)(5) of the E-Government Act and therefore is available electronically. However, it has been entered only to decide the matters addressed herein and is not intended for official publication or to serve as precedent.

[2] For purposes of "the three strikes rule," a Pacer search revealed that Plaintiff has not initiated any other Section 1983 actions.

At the outset, the Court notes that the incidents in the Complaint *sub judice* occurred at Holmes Correctional Institution, in Bonifay, Florida, which is located in the Northern District of Florida. The Complaint alleges that since Plaintiff's arrival at Holmes Correctional Institution on March 12, 2007, he has been subjected to "hate crime discrimination" and "life threats." Complaint at 1-2. Specifically, Plaintiff avers that Defendant Forehand "threatened Plaintiff's life" on August 11, 2007, at 10:45 a.m." Id. at 3, 4. The remaining factual allegations involve alleged false disciplinary reports that Plaintiff states he received from Defendants Forehand and Steele. Id. at 2-5. The Complaint neither indicates that Plaintiff has exhausted his administrative remedies concerning these alleged incidents, nor does it indicate that any of Plaintiff's disciplinary reports have been expunged or reversed. As a remedy, Plaintiff requests that the Court "immediately transfer" him from Holmes Correctional to a different institution. Id. at 4. Additionally, Plaintiff requests that the Court restore his gain-time and that Officer Forehand and Nurse Steele be terminated for falsifying the disciplinary reports. Id.

In the interest of justice and finding proper venue in the Northern District, this Court will transfer this action to the United States District Court for the Northern District of Florida, for handling as it deems appropriate.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Pursuant to 28 U.S.C. § 1404(a) and § 1406(a) this case is **TRANSFERRED** to the United States District Court for the Northern District of Florida for all further proceedings.

2. The **Clerk of Court** shall **immediately** forward this file to the Northern District and close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this 26th day of October, 2007.

/s/ Marcia Morales Howard
MARCIA MORALES HOWARD
UNITED STATES DISTRICT JUDGE

SA: alj
Copies: All Parties of Record
        Civil Supervisor-U.S. District Court, Northern District of Florida